UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| MARY E. BUSH, <br><br> Plaintiff, <br><br> v. <br><br> GREEN SQUARE COMPANY LLC and PLAZA SERVICES, LLC, <br><br> Defendants. | CIVIL COMPLAINT <br><br> CASE NO. 2:21-cv-00964 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes MARY E. BUSH ("Plaintiff"), by and through the undersigned, complaining as to the conduct of GREEN SQUARE COMPANY LLC ("Green Square") and PLAZA SERVICES, LLC ("Plaza") (collectively "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Wisconsin Consumer Act ("WCA"), Wis. Stat. § 427.101 *et seq.*, for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants conduct business in the Eastern District of Wisconsin and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Wisconsin.

**PARTIES**

4. Plaintiff is a consumer over 18 years of age residing in Hartland, Wisconsin which lies within the Eastern District of Wisconsin.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Green Square is a third-party debt collector organized under the laws of the State of New York and located at 255 Great Arrow Drive Ste. 201, Buffalo, NY 14207. Green Square operates nationwide and regularly collects from consumers in the State of Wisconsin.

7. Plaza is a debt purchaser and third-party debt collector "committed to providing a positive experience for consumers while delivering maximum value for receivables portfolios to creditors in a fully compliant manner."[1] Plaza is a limited liability company organized under the laws of the State of South Dakota with principal place of business at 110 Hammond Drive, Suite 110, Atlanta, Georgia, 30328.

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

9. Joinder of Plaintiff's claim against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claim arises out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

**FACTS SUPPORTING CAUSES OF ACTION**

---

[1] https://plazaservicesllc.com/

10. The instant action arises out of Defendants' attempts to collect on a consumer obligation ("subject debt") Plaintiff allegedly owed.

11. Upon information and belief, the subject debt was incurred in late 2017 and early 2018 with Wisconsin Auto Title Loans.

12. Upon information and belief, after Plaintiff's purported default, the original creditor sold the subject debt to Plaza which then placed it with Green Square for collection.

13. Upon information and belief, Plaintiff did not receive any validation of the debt.

14. Nonetheless, sometime in Spring 2020, Plaintiff entered into a payment plan with Green Square to address the subject debt.

15. Upon information and belief, Plaintiff agreed to make payments to Green Square as a result of Green Square's false and deceptive representations regarding the legal status of the subject debt, as Green Square informed Plaintiff that a "civil grievance" was filed against her and her SSN by their client, Plaza, and that Plaintiff would need legal counsel to respond to Defendants' collection efforts.

16. Plaintiff made regular payments for a number of months.

17. At some point Plaintiff forgot to renew the account for Green Square to withdraw funds from.

18. In or about January 2021, Plaintiff began receiving collection calls from Green Square at her cellular telephone number (414) XXX-4449, as well as to her work phone number.

19. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -4449. Plaintiff is and always has been financially responsible for the cellular phone and its services.

3

20. Green Square has primarily used (414) 269-3371 when calling Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

21. Upon information and belief, Green Square regularly utilizes the above referenced number in its debt collection activities.

22. As a result of these calls, Plaintiff explicitly demanded that she no longer be forced to work with Green Square's representative, Christina Maddox ("Ms. Maddox"), due to the rude and harassing treatment Plaintiff received at the hands of Ms. Maddox.

23. Nevertheless, Green Square seemingly caused Ms. Maddox to be the sole representative responsible for handling Plaintiff's account, as Plaintiff was subjected to numerous further collection efforts by the rude and harassing Ms. Maddox.

24. Green Square similarly continued to contact Plaintiff on her work phone, despite her requests for no such further calls.

25. Furthermore, the payment arrangement between Plaintiff and Green Square called for Plaintiff's payment in July 2021 to be made on July 30, 2021, with such payment being automatically withdrawn from Plaintiff's bank account.

26. However, Green Square attempted to withdraw the funds early, on or about July 26, 2021, at which point in time Plaintiff did not have sufficient funds to cover the July 2021 payment.

27. As a result of this missed payment, in the next days, before Plaintiff's actual due date for payment, Green Square called Plaintiff both on her cell phone and on her office phone and left voicemail messages regarding the subject debt.

28. In these messages, Green Square stated that it was calling regarding the "civil grievance" filed against Plaintiff and her SSN (listing the last 4 of her SSN), while going on to inform Plaintiff that, because the July 2021 payment had insufficient funds, Plaintiff was being investigated for

4

Case 2:21-cv-00964-PP   Filed 08/16/21   Page 4 of 15   Document 1

defrauding a financial institution, thus suggesting to Plaintiff that she had committed some sort of crime.

29. Plaintiff became extremely distressed and concerned as to the suggestion she committed some sort a crime, especially since the insufficient funds in her account came about as a result of Green Square's early withdrawal of funds.

30. Additionally, at no point in the voicemail messages does Green Square meaningfully disclose its identity, nor does it identify itself as a debt collector in relation to the subject debt – instead suggesting that it was an entity authorized to pursue Plaintiff both civilly, and criminally, with regards to the subject debt, without disclosing the name of the calling entity.

31. After hearing these voice messages, Plaintiff called Green Square.

32. Upon Plaintiff identifying herself, Green Square did once again failed to inform Plaintiff that it was a debt collector.

33. During the conversation, Plaintiff expressed her frustration that, despite her making these payments to Defendants for months, she had still never been provided any information regarding from where the subject debt emanated.

34. Green Square told Plaintiff she needed to get that information from Plaza's corporate office.

35. However, Green Square would be required, under § 1692g(a), to provide that information to Plaintiff, rendering Green Square's suggestion that information was available solely from Plaza both deceptive and misleading.

36. Defendants collected over $1,000.00 from Plaintiff based entirely on false, deceptive, misleading, and harassing threats and without providing Plaintiff any of the statutorily required information to which she was lawfully entitled.

5

37. Frustrated, concerned, and distressed over Green Square's conduct, Plaintiff spoke with her attorneys regarding her rights, resulting in expenses.

38. Plaintiff has been unfairly and unnecessarily harassed by Green Square's actions.

39. Upon information and belief, Plaza directed Green Square in the latter's collection effort in connection with the subject debt.

40. Plaza is Green Square's principal and is liable for the latter's collection activities as it exercises control over Green Square's conduct. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006) ("[T]o be liable for the actions of another, the principal must exercise control over the conduct or activities of the agent.").

41. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to, invasion of privacy, aggravation, emotional distress, making payments on a debt without being provided statutorily required information, making payment on a debt as a result of false statements, risk of making payment believing she had committed some sort of crime, as well as numerous violations of her state and federally protected interests as a consumer.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

42. Plaintiff repeats and realleges paragraphs 1 through 41 as though fully set forth herein.

43. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

44. Defendants either identify themselves as debt collectors, and are engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, or are alternatively a business where the principal purpose is the collection of debts. §§ 1692a(6)&(7).

6

Case 2:21-cv-00964-PP   Filed 08/16/21   Page 6 of 15   Document 1

45. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it is alleged to have arisen out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

46. Plaza is both directly liable for the below conduct given its role as a debt collector in connection with the subject debt, as well as vicariously liable for the conduct of its agent Green Square. To allow a debt collector, like Plaza, to avoid the parameters of the FDCPA by outsourcing the collection to a third party would be an untoward result and contrary to the broad remedial purpose of the FDCPA.

### a. Violations of FDCPA § 1692c

47. The FDCPA, pursuant to 15 U.S.C. § 1692c(a)(1), prohibits a debt collector from contacting consumer at any unusual time and/or place.

48. Green Square violated § 1692c(a)(1) when it contacted Plaintiff at her workplace while having notice that Plaintiff did not permit such contact. Contacting Plaintiff at her work phone, and more egregiously, leaving a voicemail about subject debt, created not only inconvenience and unwelcome surprise but also a heightened risk of disclosure of Plaintiff's highly sensitive personal information to numerous third parties.

### b. Violations of FDCPA § 1692d

49. The FDCPA, pursuant to § 1692d, prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(6) further prohibits, "the placement of telephone calls without meaningful disclosure of the caller's identity."

50. Green Square violated § 1692d when it attempted to withdraw funds on a different day than the one agreed to, which resulted in Plaintiff not having sufficient funds. Such behavior carries

7

Case 2:21-cv-00964-PP   Filed 08/16/21   Page 7 of 15   Document 1

with it the natural consequence of harassing and abusing Plaintiff with the objective of humiliating her and pestering her into making payments.

51. Green Square further violated this subsection when it left voicemail on Plaintiff's work phone regarding the subject debt while knowing that Plaintiff resented such contact.. Green Square did so to harass, annoy, and abuse Plaintiff with the objective for her to succumb to payments.

52. Green Square further violated § 1692d through its harassing threats that a civil grievance had been filed against Plaintiff and her SSN. Such deceptive threat was designed to harass and abuse Plaintiff into paying the subject debt, and did in fact harass and deceive Plaintiff into making payments as she agreed to make payments to Defendants given the harassing conduct.

53. Additionally, Green Square violated § 1692d when it harassingly suggested that Plaintiff was guilty of defrauding a financial institution. Green Square engaged in this harassing conduct knowing it carried with it the natural consequence of harassing and abusing Plaintiff.

54. Green Square further violated §§ 1692d and d(6) when it placed calls to Plaintiff without meaningfully disclosing its identity. In the voicemail messages left, rather than state that it was Green Square calling, Green Square instead merely stated that it was calling regarding a civil grievance without disclosing the identity of the calling entity.

    c. **Violations of FDCPA § 1692e**

55. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

56. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A);

"The false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3);

"The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." 15 U.S.C. § 1692e(4);

"The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5);

"The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer." 15 U.S.C. § 1692e(7);

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10);

"The failure to disclose . . . in subsequent communications that the communication is from a debt collector." 15 U.S.C. § 1692e(11).

57. Green Square violated §§ 1692e, e(2)(A), e(3), e(5), and e(10) when it falsely, deceptively, and misleadingly informed Plaintiff that a "civil grievance" had been filed against Plaintiff and her SSN by Plaza. No such "civil grievance" was filed against Plaintiff or her SSN. Defendants engaged in this deceptive and misleading conduct in order to scare Plaintiff into addressing the subject debt in order to avoid the illusory lawsuit which Green Square represented as being filed. Plaintiff similarly made payments under the false belief that she was being actively sought in connection with some sort of civil grievance.

58. Green Square further violated §§ 1692e, e(2)(A), e(3), e(4), e(5), e(7), and e(10) when it falsely, deceptively, and misleadingly suggested that Plaintiff committed the crime of defrauding a financial institution by having insufficient funds in her account when Green Square withdrew funds early in July 2021. Green Square explicitly informed Plaintiff that she was being investigated for committing a crime due to the insufficient funds in her account at the time Green Square

9

withdrew her July 2021 payment. Green Square made this threat in at least two voicemail messages, and further instructed Plaintiff to speak with her attorney regarding her options. Green Square made its threat of criminal prosecution absent the lawful ability to make such threats and absent any intent to follow through. Instead, Green Square made the representations to scare Plaintiff into making payment. The falsehood of these threats is further exemplified as Green Square made no mention of them when Plaintiff did call back on or about July 27, 2021 upon hearing the voicemails containing these threats.

59. Green Square further violated §§ 1692e, e(2)(A), and e(10) when it attempted to withdraw Plaintiff's July 2021 payment early. Despite the parties' agreement that payment was to be made on July 30, 2021, Green Square nevertheless attempted to withdraw the funds early, and then subsequently suggested Plaintiff committed a crime for not having sufficient funds available at the time Green Square unilaterally withdrew funds from Plaintiff's account without proper authorization.

60. Green Square violated §§ 1692e and e(10) when it left the voice message regarding the subject debt on Plaintiff's work phone without Plaintiff's permission. Through this conduct, Green Square falsely represented to Plaintiff that it had at its disposal means of collecting on the subject debt such as potentially disclosing Plaintiff's personal debt information when in fact such means are unlawful and violations of FDCPA.

61. Green Square further violated §§ 1692e, e(2)(A), and e(10) when it deceptively suggested that any information regarding the original creditor of the subject debt needed to be requested from Plaza. That was a false, deceptive, and misleading representation, as Green Square would be obligated to have this information on hand in order to collect a debt in a manner compliant with the FDCPA. Green Square made its deceptive and misleading suggestion in order to stymie

Plaintiff's pursuit of further information which would have allowed her to further assess the propriety of Defendants' concerted collection efforts.

62. Additionally, Green Square violated §§ 1692e, e(2)(A), e(10), and e(11) when it failed to disclose itself as a debt collector in subsequent communications with Plaintiff. At no point did Green Square provide the statutorily required disclosures in any subsequent communication with Plaintiff, including the voicemail messages it left. Green Square's conduct in this regard was designed to maintain the illusion that Green Square was some sort of judicial or legal entity, rather than simply a debt collector trying to collect the subject debt from Plaintiff.

### d. Violations of FDCPA § 1692f

63. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

64. Green Square violated § 1692f when it unfairly suggested that a "civil grievance" had been filed against Plaintiff when that was not the case.

65. Green Square violated § 1692f when it unfairly suggested that Plaintiff had committed some sort of crime by failing to have sufficient funds her account at the time Defendants unilaterally withdrew funds from her account.

66. Green Square violated § 1692f when it unfairly attempted to withdraw funds from Plaintiff's bank account in a manner contrary to the parties' agreement.

67. Green Square violated § 1692f when it unfairly failed to inform Plaintiff who the original creditor of the subject debt was.

68. Green Square violated § 1692f when it unfairly obfuscated its role in connection with the subject debt and its status as a debt collector.

69. Green Square violated § 1692f when it attempted to collect on the subject debt by calling and leaving voice message on Plaintiff's work phone without her permission. Green Square knew and should have known that Plaintiff's work phone is unlikely to be private and personal. Such a debt collection tactic is unfair and unconscionable. It only served to oppress, worry, and confuse Plaintiff.

   e. **Violations of the FDCPA § 1692g**

70. The FDCPA, pursuant to 15 U.S.C. § 1692g(a) requires a debt collector to, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing" several pieces of information, including: '(1) the amount of the debt; (2) the name [of the original creditor]; (3) a statement [regarding disputing the debt within 30 days]; (4) a statement [outlining what happens if a consumer disputes a debt]; and (5) a statement that, upon written request . . . the debt collector will provide the consumer with the name and address of the original creditor . . . .'" Furthermore, pursuant to 15 U.S.C. § 1692g(b), "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

71. Green Square violated § 1692g(a) by failing to provide the written information required within five days after its initial communication with Plaintiff which occurred more than a year ago. Plaintiff still has not received such notice up until filing of this action.

72. Green Square further violated § 1692g(b) when it communicated with Plaintiff in a manner that was inconsistent with Plaintiff's rights under § 1692g. Green Square set up payment plan with Plaintiff without first validating the subject debt. Under § 1692g, Plaintiff could have waited to examine the validation correspondence and disputed the subject debt. Green Square

12

would then have been precluded from taking further action to collect the debt until it provided Plaintiff the information required to be provided in connection with a dispute. Green Square's conduct to the contrary was inconsistent with and overshadowed Plaintiff's rights under § 1692g, and is violative of the FDCPA.

73. As pled above, Plaza, as Green Square's principal in connection with the subject debt, is also liable for Green Square's above violations.

WHEREFORE, Plaintiff MARY E. BUSH respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

   c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

   d. Enjoining Defendant from further contacting Plaintiff; and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE WISCONSIN CONSUMER ACT – DEBT COLLECTION

74. Plaintiff restates and re-alleges paragraphs 1 through 73 as though fully set forth herein.

75. The WCA, Wis. Stat. § 427.101 *et seq.*, regulates debt collection in the State of Wisconsin.

76. The subject debt is a "claim" as defined by Wis. Stat. § 427.103(1).

77. At all relevant times, Defendants were engaged in "debt collection" as defined by Wis. Stat. § 427.103(2).

78. Defendants are "debt collector[s]" as defined by Wis. Stat. § 427.103(3), as they are both persons engaging, directly and/or indirectly, in debt collection.

79. Wis. Stat. § 427.104(1) proscribes a range of practices in debt collection. More specifically,

> (b) Threaten criminal prosecution;
>
> (g) Communicate with the customer or a person related to the customer with such frequency or at such unusual hours or in such a manner as can reasonably be expected to threaten or harass the customer;
>
> (h) Engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer;
>
> (i) Use obscene or threatening language in communicating with the customer or a person related to the customer;
>
> (j) Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist;
>
> (L) Threaten action against the customer unless like action is taken in regular course or is intended with respect to the particular debt.

80. As outlined above, Green Square violated §§ 427.104(1)(h) and (L) through its false representation and suggestion that a "civil grievance" was filed in connection with the subject debt.

81. Green Square violated §§ 427.104(1)(b), (h), (i), (j), and (L) when it threatened Plaintiff with criminal prosecution in connection with the subject debt.

82. Green Square violated §§ 427.104(1)(g) and (h) when it contacted Plaintiff at her workplace and left voicemail regarding the subject debt on her work phone, all without her permission. This conduct can reasonably be expected to threaten or harass Plaintiff into making payments.

83. As Green Square's principal, Plaza is liable for the former's violations of the WCA.

WHEREFORE, Plaintiff MARY E. BUSH respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to actual damages and damages for emotional distress pursuant to Wis. Stat. § 427.105(1);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 16, 2021

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Eastern District of Wisconsin
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com